IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Mario Fontonez Stevenson,                    )
                                             )
                        Petitioner,          )
                                             )
vs.                                          )        Case No.  3:07cv08
                                             )
State of North Dakota,                       )
                                             )
                        Respondent.          )

## REPORT AND RECOMMENDATION

Before the court is petitioner Mario Fontonez Stevenson's petition for writ of habeas

corpus under 28 U.S.C. § 2254 (Doc. #1).  The magistrate judge has conducted a preliminary

review of Stevenson's petition, pursuant to Rule 4 of the Rules Governing Section 2254

Proceedings for the United States District Courts.

## BACKGROUND

Stevenson's petition states he pled guilty to menacing in Morton County District Count .

Apparently, a charge of terrorizing was also involved.  Although the court cannot determine the

exact charge(s) to which Stevenson pled guilty, Stevenson indicates he was sentenced to one

year in prison and one year of probation on October 16, 2000.  He states he did not appeal his

conviction.  He also states he filed an application for post-conviction relief with Morton County

District Court on September 28, 2006.  This court takes judicial notice of a "Register of Actions"

from the State of North Dakota for the case number provided in Stevenson's petition.  This

document shows an order entered on October 16, 2000.  The court assumes this is the judgment

of conviction.  The Register of Actions lists no further entries until January 20, 2006.  On this

1

Dockets.Justia.com

date, Stevenson apparently sent correspondence to the state district court regarding his intent to

move for post-conviction relief.   The Register of Actions shows Stevenson's petition for post-

conviction relief was dismissed on December 19, 2006.  On January 4, 2007, he filed an

objection to the dismissal.

<u>APPLICABLE LAW AND ANALYSIS</u>

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the

fact or duration of their confinement.  <u>Franklin v. Webb</u>, 653 F.2d 362, 363 (8th Cir. 1981)

(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)).  "The essence of habeas corpus is an

attack by a person in custody upon the legality of that custody."   <u>Kruger v. Erickson</u>, 77 F.3d

1071, 1073 (8th Cir. 1996).  The Eighth Circuit has stated:

> If the petitioner does not satisfy the custody requirement, the district court lacks
> subject-matter jurisdiction. <u>Maleng v. Cook</u>, 490 U.S. 488, 109 S. Ct. 1923, 104
> L. Ed. 2d 540 (1989).
>     Custody is tested at the time of filing the petition. A person must be in
> custody under the conviction or sentence attacked at the time of filing. <u>Id.</u> 109 S.
> Ct. at 1925. A person whose sentence has fully expired at the time his petition is
> filed can not satisfy the custody requirement. <u>Id.</u> 109 S. Ct. at 1925-26.

<u>Weaver v. Pung</u>, 925 F.2d 1097, 1099 (8th Cir. 1991).

Although Stevenson is currently incarcerated, the magistrate judge notes that the Morton

County District Court sentenced Stevenson to one year in prison and one year of probation in

October 2000.  His one-year sentence for the 2000 conviction would have long expired.  Thus, it

appears that Stevenson's present incarceration must arise from a different, separate conviction

from the one described in his habeas petition.  Therefore, Stevenson does not appear to meet the

"in custody" requirement for the conviction described in his habeas petition.

Even if Stevenson met the custody requirement, his petition is untimely.  The

2

Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, governs § 2254 petitions for habeas corpus relief. Section 2244(d) establishes a one-year period of limitations for filing federal habeas petitions. The one-year statute of limitations starts to run on the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D). With respect to subsection (A), the statute of limitations is triggered by either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court, or
>
> (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). The AEDPA contains a tolling provision which provides that "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

3

Stevenson was convicted on October 16, 2000.  He neither directly appealed his conviction to the North Dakota Supreme Court nor petitioned the United States Supreme Court for a writ of certiorari.  Consequently, for the purposes of 28 U.S.C. § 2244(d)(1)(A), his conviction became final and the statute of limitations for filing a petition for habeas relief commenced on approximately February 16, 2001.[1]  If not statutorily or equitably tolled, the time period lapsed on February 16, 2002.  Stevenson did not move for post-conviction relief until September 28, 2006; thus no statutory tolling of the statute of limitations occurred.

The court recognizes that, as a matter of equity, this court may toll the AEDPA's statute of limitations.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction."  Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003).  Case law provides that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003)); see also Baker, 321 F.3d at 772 (stating that "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul").  Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition.  Stevenson has not demonstrated any justification for equitable

---

[1]  The court calculated the date on which the statute of limitations commenced as follows:  First, the court allowed 30 days for Stevenson to appeal the judgment of conviction entered on October 16, 2001.  See  N.D.R.App.P. 4(b)(1).  The court then allowed an additional 90 days, which is the time allotted for filing a petition for a writ of certiorari under United States Supreme Court Rule 13.1.

4

tolling.  Therefore, even if Stevenson meets the custody requirements, his habeas petition is time-barred.

For the foregoing reasons, the magistrate judge **RECOMMENDS** Stevenson's § 2254 petition be **DISMISSED** with prejudice  (Doc. #1).  Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.   If Stevenson has additional argument regarding the timeliness issue, he should submit such information to the court within the objection period.

Dated this 9th day of February, 2007.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge